| | |
|---|---|
| 1 | DILLINGHAM & MURPHY, LLP |
|   | WILLIAM F. MURPHY (SBN 82482) |
| 2 | EDWARD E. HARTLEY (SBN 122892) |
|   | BARBARA L. HARRIS CHIANG (SBN206892) |
| 3 | 225 Bush Street, 6th Floor |
|   | San Francisco, California 94104 |
| 4 | Telephone:   (415) 397-2700 |
|   | Facsimile:    (415) 397-3300 |
| 5 | Email: wfm@dillinghammurphy.com |
| 6 | KENNY NACHWALTER, PA |
| 7 | SCOTT E. PERWIN (*Admitted Pro Hac Vice*) |
|   | 1100 Miami Center |
| 8 | 201 South Biscayne Blvd. |
|   | Miami, Florida 33131-4327 |
| 9 | Telephone:   (305) 373-1000 |
|   | Facsimile:    (305) 372-1861 |
|   | Email: sperwin@kennynachwalter.com |
| 10 | |
| 11 | Attorneys for PLAINTIFFS |
| 12 | WINSTON & STRAWN LLP |
|    | NICOLE M. NORRIS (SBN 222785) |
| 13 | JAMES F. HURST (*Admitted Pro Hac Vice*) |
|    | DAVID J. DOYLE (*Admitted Pro Hac Vice*) |
| 14 | SAMUEL S. PARK (*Admitted Pro Hac Vice*) |
|    | 101 California Street, Suite 3900 |
| 15 | San Francisco, California 94111 |
|    | Telephone:   (415) 591-1000 |
| 16 | Facsimile:    (415) 591-1400 |
|    | Email: nnorris@winston.com, jhurst@winston.com, ddoyle@winston.com, |
| 17 | spark@winston.com |
| 18 | Attorneys for DEFENDANT |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 21 | SAFEWAY INC.; WALGREEN CO.; THE KROGER CO.; NEW ALBERTSON'S, INC.; and AMERICAN SALES COMPANY, INC., | Case No.: C 07-5470 CW |
| 22 | | **JOINT CASE MANAGEMENT STATEMENT** |
| 23 | Plaintiffs, | |
| 24 | v. | Date: December 11, 2007 |
|    | | Time: 2:00 P.M. |
| 25 | ABBOTT LABORATORIES, | Courtroom: No. 2, 4th Floor |
|    | | 1301 Clay Street |
| 26 | Defendant. | Oakland, CA |

The parties, pursuant to the Court's November 9, 2007 Order Rescheduling Initial Case Management Conference and Modifying Corresponding Deadlines and Civil Local Rule 16-9, respectfully submit this Joint Case Management Statement.

1. <u>Jurisdiction and Service</u>

The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337(a). There are no issues regarding personal jurisdiction or venue, and the sole defendant (Abbott Laboratories) has been served.

2. <u>Facts</u>

Plaintiffs allege that Abbott leveraged its market power in the market for drugs boosting the effect of protease inhibitors (the "Booster Market") in order to monopolize, or attempt to monopolize, the related market for protease inhibitors when they are prescribed together with Abbott's drug Norvir as a booster (the "Boosted Market"). Plaintiffs allege these acts to have taken place in the United States. Plaintiffs sue to recover overcharge damages allegedly caused by Abbott's unlawful monopolization or attempted monopolization.

Abbott denies each and every substantive allegation in Plaintiffs' complaint. Specifically, Abbott denies that it has engaged in legally cognizable exclusionary conduct, that Plaintiffs suffered an antitrust injury, or that it had, or has, monopoly power in the relevant market. Abbott believes, in particular, that the Ninth Circuit's recent holding in *Cascade Health Solutions v. PeaceHealth*, 502 F.3d 895 (9th Cir. 2007) precludes any contention that Abbott's above-cost pricing decisions amount to anticompetitive exclusionary conduct. Abbott also contends that its patents protect it from antitrust liability in connection with any pricing action on Norvir and/or Kaletra.

3. <u>Legal Issues</u>

Whether Plaintiffs have standing to prosecute their alleged claims under the Sherman and Clayton Acts, 15 U.S.C. §§ 2 & 15(a).

Whether Plaintiffs have defined a relevant product market.

Whether Abbott has engaged in legally cognizable exclusionary conduct.

Whether Abbott has market power in any relevant product market.

Whether Abbott unlawfully leveraged market power in the Booster Market to monopolize or attempt to monopolize the Boosted Market.

Whether Abbott's patents in the Booster and/or Boosted Markets immunize it from antitrust liability arising from the actions described in Plaintiffs' complaint.

Whether Plaintiffs were injured by the alleged unlawful conduct of Abbott and, if so, the appropriate measure of damages.

4.  Motions

There are no pending motions.  Abbott intends to file a motion to dismiss each of Safeway's two counts pursuant to the Ninth Circuit's recent holding in *Cascade Health Solutions v. PeaceHealth*, 502 F.3d 895 (9th Cir. 2007).

5.  Amendment of Pleadings

Plaintiffs do not currently intend to amend their complaint.

6.  Evidence Preservation

Plaintiffs have taken steps to gather relevant documents and data and agree to preserve relevant documents and data going forward.  Abbott has a litigation hold in effect.

7.  Disclosures

Both parties intend to make their initial disclosures under Rule 26 prior to the date specified in Rule 26(a).

8.  Discovery

No discovery has been taken.  The parties agree that documents can be produced in hard copy or tiff image files rather than in native format.

Abbott proposes to produce relevant documents from the related litigation after the Court has ruled on Abbott's motion to transfer and motion to dismiss.  In particular, Abbott believes the substantial resources could be preserved if, as a threshold issue before engaging in other case-related activities, the Court resolved the motion to dismiss, particularly in light of the Ninth Circuit's recent ruling that above-cost pricing in this context does not amount to exclusionary conduct.  *See Cascade Health Solutions v. PeaceHealth*, 502 F.3d 895 (9th Cir.

2007). Plaintiffs disagree with Abbott's interpretation of *Cascade Health* and believe that discovery should proceed immediately.

The parties have agreed to be bound by a protective order substantially identical to the one entered in *Doe 1 et al. v. Abbott Laboratories*, Case No. C 04-1511 CW. The parties have already submitted a proposed protective order for entry in this case. If the case is consolidated with Case No. C 04-01511 CW, Abbott's position with respect to discovery is set forth below in paragraph 17. The parties' proposed case schedule is set forth in paragraph 17.

9. <u>Class Actions</u>

Not applicable.

10. <u>Related Cases</u>

The Court has related this case to *In re Abbott Laboratories Norvir Antitrust Litigation*, Case No. 04-1511 (Doe/SEIU case) and *SmithKline Beecham Corporation, d/b/a GlaxoSmithKline v. Abbott Laboratories*, Case No. 07-5702 (GSK case). A motion to relate to Case No. 04-1511 is pending in *Meijer, Inc. v. Abbott Laboratories*, Case No. 07-5985 (Meijer case) and *Rochester Drug Co-Operative, Inc. v. Abbott Laboratories*, Case No. 07-6010 (Rochester Drug case).

11. <u>Relief</u>

In their complaint, Plaintiffs seek (a) injunctive and declaratory relief; (b) treble damages in the form of overcharges; (c) costs of suit, including a reasonable attorneys' fee; and (d) other relief that the Court deems just and proper. Plaintiffs will disclose the amount of damages sought and the basis of their damage calculation in their expert reports.

12. <u>Settlement and ADR</u>

The parties have discussed the Court's ADR procedures and options. Plaintiff is amenable to participating in a private mediation. Abbott would be amenable to a settlement conference by a magistrate judge.

13. <u>Consent to Magistrate Judge For All Purposes</u>

The parties do not consent to have a magistrate judge conduct all further proceedings.

14. <u>Other References</u>

The parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>

The parties will attempt to narrow the issues through discovery or by stipulation.

16. <u>Expedited Schedule</u>

See paragraph 17 below.

17. <u>Scheduling</u>

The parties disagree as to the appropriate deadlines and trial dates. Their respective positions are set forth below:

Plaintiffs' Position

| | |
|---|---|
| Dec. 30, 2007 | Abbott gives Plaintiffs access to all pleadings, documents, deposition transcripts, deposition exhibits, expert reports and other discovery (fact and expert) in Case No. 04-1551 |
| Jan. 30, 2008 | Plaintiffs substantially complete production of relevant documents and purchase data |
| March 31, 2008 | Close of fact discovery |
| April 15, 2008 | Plaintiffs' expert reports served |
| April 30, 2008 | Defendant's expert reports served |
| June 1, 2008 | Close of expert discovery |
| June 17, 2008 | Final Pretrial Conference |
| June 30, 2008 | Trial (Liability) |

These dates will allow the Court to preserve its option to consolidate this case for trial in some fashion with the trial currently scheduled in Case No. 04-1511. Because of the nature of the evidence that will be introduced to support the claims asserted in that case, Plaintiffs' claims for overcharge damages cannot be decided by the same jury that decides the claims asserted in Case No. 04-1511. *See Hanover Shoe, Inc. v. United Shoe Machinery Corp.*, 392 U.S. 481, 487-94 (1968) (evidence that direct purchasers passed on higher prices to indirect purchasers is inadmissible in determining overcharges in a case brought by direct purchasers

1  under federal antitrust law).  However, Plaintiffs could participate in a consolidated trial that
2  determines liability on their claims and then have a separate trial, if necessary, on the quantum
3  of damages.  This would achieve the worthwhile objective of trying common issues in a
4  common trial.
5         Abbott's Position
6         Abbott has considered the possibility of consolidation but believes that consolidation,
7  without substantial delay, confusion, and prejudice, is not possible under the circumstances.
8  Abbott does not believe that Safeway's proposed schedule is feasible and opposes the
9  consolidation of this case with the Doe/SEIU case.
10         First, the plaintiffs in the two cases are in substantially different positions.  The
11  Doe/SEIU plaintiffs are individual HIV patients or third party payors who purchase or
12  reimburse for HIV drugs sold by pharmacies.  Plaintiffs here are large national and local
13  pharmacies that profit from selling HIV drugs.  No discovery of any kind ever has been taken
14  from these entities.  Further, the differences between the Safeway plaintiffs (pharmacies that
15  directly sell HIV drugs to HIV patients) and DOE/SEIU plaintiffs (HIV patients and third party
16  payors who pay or reimburse for HIV drugs) are striking and would likely cause confusion.
17         Second, the DOE/SEIU plaintiffs assert two state law claims that may require unique
18  proof.  The differences between these two groups of plaintiffs and their claims—for example,
19  their status as direct purchaser (and sellers) or indirect purchasers (and consumers or
20  reimbursers) and their differing injuries—would render a consolidated trial cumbersome and
21  confusing.  As the Safeway plaintiffs concede, their "claims for overcharge damages cannot be
22  decided by the same jury that decides the claims asserted in Case No. 04-1511."  Thus, if the
23  Court elected to consolidate these cases, any benefit of convenience would be lost by the need
24  for separate damages trials for the plaintiffs.
25         Third, the schedule proposed by Safeway is simply unworkable and unfair to Abbott.
26  Safeway seeks the benefit of consolidation without its compromises.  After years of litigation,
27  fact discovery closed in the Doe/SEIU case more than six months ago, on June 1, 2007.  Expert
28  discovery is scheduled to close on December 21, 2007 and dispositive motions, including claim

construction issues, will be briefed starting on January 9, 2008. Safeway's position that the parties can replicate years of fact discovery and complete expert discovery in a matter of a few months and then try this case in June 2008 – without affording Abbott any opportunity to file a motion for summary judgment – is both unworkable and unfair to Abbott.

In short, Abbott opposes consolidation of the Safeway and Doe/SEIU cases and proposes that this case and follow a more standard case schedule, set forth below:

| Abbott Proposed Date | Event |
| --- | --- |
| **December 4, 2007** | Joint Case Management Statement Due |
| **December 11, 2007** | Cases Should Not Be Consolidated |
| **November 7, 2008** | Fact Discovery Cut-off |
| **February 13, 2009** | Opening Expert Reports Due |
| **March 20, 2009** | Rebuttal Expert Reports Due |
| **April 24, 2009** | Expert Discovery Completed |
| **TBD** | Dispositive Motions Due |
| **TBD** | Oppositions to Dispositive Motions to be filed |
| **TBD** | Replies to Dispositive Motions to be filed |
| **TBD** | Hearing on Dispositive Motions |
| **TBD** | Final pre-trial conference |
| **TBD** | Jury Trial |

18.  <u>Trial</u>

Trial will be to a jury or juries. The parties are not able to make an intelligent estimate of the length of the trial without knowing which parties will participate and which claims or elements of claims will be tried.

19.  <u>Disclosure of Non-party Interested Entities or Persons</u>

On October 26, 2007, Plaintiffs filed their Certification of Non-party Interested Entities or Persons, which states:

1  Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons,
2  associations of persons, firms, partnerships, corporations (including parent corporations) or
3  other entities (i) have a financial interest in the subject matter in controversy or in a party to the
4  proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be
5  substantially affected by the outcome of the proceeding:

6      1.    Supervalu Inc., a Delaware corporation. New Albertson's, Inc. is a wholly
7  owned subsidiary of Supervalu Inc.

8      2.    Koninklijke Ahold N.V., a public limited liability company headquartered in the
9  Netherlands. American Sales Company, Inc. is an indirect wholly-owned subsidiary of
10 Koninklijke Ahold N.V.

11   Abbott Laboratories certifies that there are no parties, other than Abbott Laboratories, that
12 have a direct, pecuniary interest in the outcome of this case.

13     20.    <u>Applicability of Patent Local Rules</u>

14     Abbott believes that Plaintiffs' alleged antitrust claim necessarily depends on the
15 resolution of Abbott's patent rights. Therefore, Abbott believes that this Court's Patent Local
16 Rules should apply to this action to facilitate the just, speedy, and inexpensive disposition of all
17 patent-related matters in this case. For example, pursuant to Patent L.R. 3-5 (a), Abbott
18 proposes that no later than 10 days after Abbott serves its answer, or 10 days after the Initial
19 Case Management Conference, whichever is later, Plaintiffs shall serve upon Abbott (i) a
20 certification that Plaintiffs are not challenging the validity of Abbott's patents in the relevant
21 markets or (ii) a letter setting forth and acknowledging the patent numbers that Plaintiffs are
22 challenging, Preliminary Invalidity Contentions that conform to Patent L.R. 3-3, and the
23 documents described in Patent L.R. 3-4. Moreover, to the extent that claim construction
24 becomes an issue, Patent Local Rule 4 should apply.

25     Plaintiffs do not believe that the Patent Local Rules apply to this case.
26 //
27 //
28 //

| | | |
|---|---|---|
| 1 | Dated: December 4, 2007 | DILLINGHAM & MURPHY, LLP |
| 2 | | WILLIAM F. MURPHY |
| | | EDWARD E. HARTLEY |
| 3 | | BARBARA L. HARRIS CHIANG |
| | | 225 Bush Street, 6th Floor |
| 4 | | San Francisco, California 94104 |
| | | Telephone: (415) 397-2700 |
| 5 | | Facsimile: (415) 397-3300 |
| 6 | | KENNY NACHWALTER, PA |
| | | SCOTT E. PERWIN |
| 7 | | 1100 Miami Center |
| | | 201 South Biscayne Boulevard |
| 8 | | Miami, Florida 33131 |
| | | Telephone: (305)373-1000 |
| 9 | | Facsimile: (305) 372-1861 |

By: /s/ Scott E. Perwin
Scott E. Perwin (Admitted *Pro Hac Vice*)

Attorneys for PLAINTIFFS

WINSTON & STRAWN LLP
NICOLE M. NORRIS
JAMES F. HURST
DAVID J. DOYLE
SAMUEL S. PARK
101 California Street, Suite 3900
San Francisco, California 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

By: /s/ Samuel S. Park
Samuel S. Park (Admitted *Pro Hac Vice*)

Attorneys for DEFENDANT