IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEIJER, INC. & MEIJER DISTRIBUTION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ABBOTT LABORATORIES, <br><br> Defendant. | No. C 07-5985 CW <br><br> ORDER DENYING DEFENDANT'S MOTION TO CERTIFY INTERLOCUTORY APPEAL (Docket No. 83) |
| SAFEWAY INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> ABBOTT LABORATORIES, <br><br> Defendant. | No. C 07-5470 CW <br><br> ORDER DENYING DEFENDANT'S MOTION TO CERTIFY INTERLOCUTORY APPEAL (Docket No. 52) |
| RITE AID CORPORATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ABBOTT LABORATORIES, <br><br> Defendant. | No. C 07-6120 CW <br><br> ORDER DENYING DEFENDANT'S MOTION TO CERTIFY INTERLOCUTORY APPEAL (Docket No. 43) |

| | |
|---|---|
| SMITHKLINE BEECHAM CORPORATION d/b/a/ GLAXOSMITHKLINE,<br><br>    Plaintiff,<br><br>  v.<br><br>ABBOTT LABORATORIES,<br><br>    Defendant.<br>_____/ | No. C 07-5702<br><br>ORDER DENYING DEFENDANT'S MOTION TO CERTIFY INTERLOCUTORY APPEAL (Docket No. 84) |

Defendant Abbott Laboratories moves for an order certifying an interlocutory appeal of the question:

> Whether this case warrants an exception to the Ninth Circuit's decision in <u>Cascade Health Solutions v. PeaceHealth</u>, 515 F.3d 883 (9th Cir. 2008), which held that the "[Supreme] Court's opinions strongly suggest that, in the normal case, above-cost pricing will not be considered exclusionary conduct for antitrust purposes," <u>id.</u> at 901, and that "the appropriate measure of costs [in this context] is average variable cost." <u>Id.</u> at 910.

Def.'s Mot. at 1 (alterations in original). Plaintiffs oppose the motion. The matter was taken under submission on the papers. Having considered all of the papers submitted by the parties, the Court denies Abbott's motion.

## BACKGROUND

On April 11, 2008, the Court denied Abbott's motion to dismiss, which was based in large part upon <u>Cascade</u>. <u>Cascade</u> held that, "in the normal case," bundled discounts can be considered anticompetitive conduct in violation of the Sherman Act only if the competitive product in the bundle is sold at an imputed price, derived by allocating the entire amount of the discount to that product, that is below the producer's average variable cost. 515 F.3d at 901, 910. The Court found that this test does not apply in the context of the particular antitrust theory asserted against

2

Abbott. As a result, the Court found that Plaintiffs need not demonstrate that the imputed price of the lopinavir portion of Kaletra is below Abbott's average variable cost of producing it.[1]

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1292(b), a district court may certify an appeal of an interlocutory order only if three factors are present. First, the issue to be certified must involve a "controlling question of law." 28 U.S.C. § 1292(b). Establishing that a question of law is controlling requires a showing that the "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982) (citing U.S. Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966)).

Second, there must be "substantial ground for difference of opinion" on the issue. 28 U.S.C. § 1292(b). A substantial ground for difference of opinion is not established by a party's strong disagreement with the court's ruling; the party seeking an appeal must make some greater showing. Mateo v. M/S Kiso, 805 F. Supp. 792, 800 (N.D. Cal. 1992).

Third, it must be likely that an interlocutory appeal will "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); Mateo, 805 F. Supp. at 800. Whether an appeal may materially advance termination of the litigation is linked to whether an issue of law is "controlling" in that the court should consider the effect of a reversal on the management of the case.

---

[1] A more detailed discussion of the facts giving rise to this action is contained in the Court's order denying Abbott's motion to dismiss.

3

Id. In light of the legislative policy underlying § 1292, an interlocutory appeal should be certified only when doing so "would avoid protracted and expensive litigation." In re Cement, 673 F.2d at 1026; Mateo, 805 F. Supp. at 800. If, in contrast, an interlocutory appeal would delay resolution of the litigation, it should not be certified. See Shurance v. Planning Control Int'l, Inc., 839 F.2d 1347, 1348 (9th Cir. 1988) (refusing to hear a certified appeal in part because the Ninth Circuit's decision might come after the scheduled trial date).

"Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1068 n.6 (9th Cir. 2002). Thus, the court should apply the statute's requirements strictly, and should grant a motion for certification only when exceptional circumstances warrant it. Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978). The party seeking certification of an interlocutory order has the burden of establishing the existence of such exceptional circumstances. Id. A court has substantial discretion in deciding whether to grant a party's motion for certification. Brown v. Oneonta, 916 F. Supp. 176, 180 (N.D.N.Y. 1996) rev'd in part on other grounds, 106 F.3d 1125 (2nd Cir. 1997).

DISCUSSION

An interlocutory appeal would be inappropriate under the circumstances because resolution of the question Abbott seeks to certify would not be likely to advance the termination of this litigation. Even if the Ninth Circuit accepted the appeal, found that Kaletra is a bundled discount to which Cascade's discount

4

attribution rule should apply, and held that no deviation from the average variable cost rule is warranted given the facts here, the result would be that Plaintiffs would have to show that the imputed price of the lopinavir portion of Kaletra is below Abbott's average variable cost. But the <u>Meijer</u> Plaintiffs have already alleged that Kaletra is sold below cost, and Plaintiff SmithKline Beecham has suggested that it might amend the complaint to include such an allegation if any appeal is successful. The <u>Meijer</u> Plaintiffs have also already sought discovery on Abbott's costs and intend to seek adjudication of the issue.[2] While Abbott has expressed confidence that Plaintiffs will not be able to prove their allegations of below-cost pricing, the Court cannot rely on Abbott's confidence to conclude that an interlocutory appeal would be likely to advance the termination of this litigation. Moreover, Plaintiffs assert other claims in addition to their Sherman Act claims, at least some of which would continue notwithstanding a successful appeal by Abbott, even if below-cost pricing is not shown.

In addition, although Abbott vehemently disagrees with the Court's order denying its motion to dismiss, this is not sufficient to establish that a substantial ground for difference of opinion exists. <u>See</u> <u>Mateo</u>, 805 F. Supp. at 800. While Abbott insists that the Court's ruling is contrary to precedent, it has not pointed to any case that conflicts with that ruling. The Court has already explained its ruling that this case is not governed by <u>Cascade</u> and the other cases Abbott cites, and Abbott's disagreement on this

---

[2] Absent permission of the Court, all motions for summary judgment or summary adjudication should be made as joint cross-motions noticed for hearing on the cut-off date for case-dispositive motions or, if all parties agree, on an earlier date.

point does not warrant granting its present motion.

## CONCLUSION

For the foregoing reasons, Abbott's motion for certification of an interlocutory appeal is DENIED.  The hearing currently scheduled for July 10, 2008 is VACATED.

IT IS SO ORDERED.

Dated:  7/7/08

CLAUDIA WILKEN
United States District Judge