| | |
|---|---|
| James F. Hurst *(Admitted Pro Hac Vice)* | Jeffrey I. Weinberger (SBN 56214) |
| David J. Doyle *(Admitted Pro Hac Vice)* | David M. Rosenzweig (SBN 176272) |
| Samuel S. Park *(Admitted Pro Hac Vice)* | Grant A. Davis-Denny (SBN 229335) |
| Stephanie S. McCallum *(Admitted Pro Hac Vice)* | MUNGER, TOLLES & OLSON LLP |
| WINSTON & STRAWN LLP | 355 South Grand Avenue |
| 35 W. Wacker Drive | Thirty-Fifth Floor |
| Chicago, IL 60601-9703 | Los Angeles, CA 90071-1560 |
| Telephone: (312) 558-5600 | Telephone: (213) 683-9100 |
| Facsimile: (312) 558-5700 | Facsimile: (213) 687-3702 |
| Email: jhurst@winston.com; ddoyle@winston.com; spark@winston.com; smccallum@winston.com | Email: jeffrey.weinberger@mto.com; david.rosenzweig@mto.com; grant.davis-denny@mto.com |
| Nicole M. Norris (SBN 222785) | |
| WINSTON & STRAWN LLP | Michelle Friedland (SBN 234124) |
| 101 California Street, Suite 3900 | MUNGER, TOLLES & OLSON LLP |
| San Francisco, CA 94111-5894 | 560 Mission Street, 27th Floor |
| Telephone: (415) 591-1000 | San Francisco, CA 94105-2907 |
| Facsimile: (415) 591-1400 | Telephone: (415) 512-4000 |
| Email: nnorris@winston.com | Facsimile: (415) 512-4077 |
| | Email: michelle.friedland@mto.com |
| Charles B. Klein *(Admitted Pro Hac Vice)* | |
| Matthew A. Campbell *(Admitted Pro Hac Vice)* | Attorneys for Defendant |
| WINSTON & STRAWN LLP | ABBOTT LABORATORIES |
| 1700 K Street, N. W. | |
| Washington, D.C. 20007 | |
| Telephone: (202) 282-5000 | |
| Facsimile: (202) 282-5100 | |
| Email: cklein@winston.com | |

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| SAFEWAY INC; WALGREEN CO.; THE KROGER CO.; NEW ALBERTSON'S, INC.; AMERICAN SALES COMPANY, INC.; AND HEB GROCERY COMPANY, LP, <br><br>Plaintiffs,<br><br>vs.<br><br>ABBOTT LABORATORIES,<br><br>Defendant. | CASE NO. C 07-5470 (CW)<br><br>Related per November 19, 2007 Order to Case No. C 04-1511(CW)<br><br>**STIPULATION REGARDING PLAINTIFFS' 30(b)(6) DEPOSITIONS AND THE USE OF RELATED EVIDENCE AT TRIAL**<br><br>Judge:      Honorable Claudia Wilken |

*(Caption continued on next page)*

| | |
|---|---|
| MEIJER, INC. & MEIJER DISTRIBUTION, INC.; ROCHESTER DRUG CO-OPERATIVE, INC.; AND LOUISIANA WHOLESALE DRUG COMPANY, INC., ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>vs.<br><br>ABBOTT LABORATORIES,<br><br>Defendant. | CASE NO. C 07-5985 (CW)<br>(Consolidated Cases)<br><br>Related per November 30, 2007 Order to Case No. C 04-1511 (CW) |
| RITE AID CORPORATION; RITE AID HDQTRS CORP.; JCG (PJC) USA, LLC; MAXI DRUG, INC D/B/A BROOKS PHARMACY; ECKERD CORPORATION; CVS PHARMACY, INC.; AND CAREMARK LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>ABBOTT LABORATORIES,<br><br>Defendant. | CASE NO. C 07-6120 (CW)<br><br>Related per December 5, 2007 Order to Case No. C 04-1511 (CW) |

Whereas, Abbott and Plaintiffs in the above-captioned dispute whether Abbott is entitled to further Rule 30(b)(6) depositions or testimony from Plaintiffs, and Abbott has indicated it intends to file a motion to compel regarding the issue;

Whereas, all parties seek to avoid burdening the Court with a motion to compel such depositions and/or testimony;

**IT IS HEREBY STIPULATED AND AGREED:**

1. Subject to Paragraph 5, Plaintiffs will not introduce at trial, through their employees or former employees, evidence on any of the topics listed below.

   Topic (3): *Purchases of all other ARV drugs [other than Norvir and Kaletra] from January 1, 2003 to the present, including dates, prices, and quantities of all such purchases. [Except for Louisiana Wholesale Drug, Rochester Drug Cooperative,*

*Meijer Inc, and Meijer Distribution, Inc., as to the Lexiva and Reyataz data they produced.]*

Topic (8): *The composition of the relevant market(s) for purposes of Plaintiff's antitrust claims in this case.*

Topic (9): *The safety, efficacy, and relative benefits and side effects of any ARV drugs.*

Topic (10): *The interchangeability or substitutability of Protease Inhibitors in HIV treatment regimens.*

Topic (11): *The type and amount of all damages sought by Plaintiff in this case [except to the extent testified to by Plaintiff's 30(b)(6) witness].*

Topic (12): *The terms and conditions on which Plaintiff or its assignor purchased Norvir and Kaletra from Abbott, including whether any such purchases were subject to resale under "cost plus" contracts [except to the extent the terms of Plaintiff's purchases from Abbott were testified to by Plaintiff's 30(b)(6) witness].*

Topic (14): *Price changes of all ARV drugs other than Norvir and Kaletra, from January 1, 2003 to the present.*

Topic (16): *The dates, prices, quantities, and terms and conditions applicable to all ARV drug purchases by Plaintiffs' assignors from Abbott for which Plaintiffs are claiming [damages] in this case.*

2. Subject to Paragraph 5, Plaintiffs will not introduce at trial, through their employees or former employees, evidence on any of the bulleted subtopics listed below. To the extent any topic is broader than the bulleted subtopics, Plaintiffs are not precluded from introducing at trial, through their employees or former employees, any evidence other than evidence of the bulleted subtopics.

Topic (4): *All communications regarding the December 2003 Norvir price increase, including communications with Abbott, complaints or comments from customers or other third parties, and communications with the press or government agencies or officials.*

- Whether any patient or customer ever complained to or otherwise communicated with [Plaintiff] or any of its employees or agents about the price of Norvir after the 2003 price increase.
- Whether any doctor ever complained to or otherwise communicated with [Plaintiff] or any of its employees or agents about the price of Norvir after the 2003 price increase.
- Whether any pharmacist ever complained to or otherwise communicated with [Plaintiff] or any of its employees or agents about the price of Norvir after the 2003 price increase.
- Whether [Plaintiff] complained to or otherwise communicated with the press about the price of Norvir after the 2003 price increase.
- Whether [Plaintiff] complained to or otherwise communicated with any government agency or official about the price of Norvir after the 2003 price increase.
- Whether third parties other than patients, customers, doctors, or pharmacists ever complained to [Plaintiff] or any of its employees or agents about the price of Norvir after the 2003 price increase.
- Whether [Plaintiff] complained to Abbott about the price of Norvir after the 2003 price increase.

Topic (5): *All communications regarding the pricing of boosted PIs from January 1, 2003 to the present.*

- Whether any manufacturer of boosted Protease Inhibitors (other than Abbott) ever complained to or otherwise communicated with [Plaintiff] or any of its employees or agents about the price of Norvir after the 2003 price increase.
- Whether any manufacturer of boosted Protease Inhibitors ever complained to or otherwise communicated with [Plaintiff] or any of its employees or

agents that it was losing business to Kaletra as a result of the 2003 Norvir price increase.

- Whether any manufacturer of boosted Protease Inhibitors ever complained to or otherwise communicated with [Plaintiff] or any of its employees or agents that patients were switching to Kaletra from other boosted Protease Inhibitors as a result of the 2003 Norvir price increase.

- Whether [Plaintiff] communicated to patients, customers, doctors, the press, or government officials about the pricing of boosted PIs from January 1, 2003 to the present.

Topic (6): *Any knowledge of patients who were switched to Kaletra from a different boosted PI regimen, or physicians who changed prescribing practices, as a result, in whole or in part, of the December 2003 Norvir price increase.*

- Whether patients switched to Kaletra from other boosted PI regimens as a result of the 2003 Norvir price increase.

- Whether patients stopped taking Norvir as a result of the 2003 Norvir price increase.

- Whether doctors changed their prescribing practices as a result of the 2003 Norvir price increase.

- Whether any formularies restricted access to Norvir as a result of the 2003 Norvir price increase.

- Whether any private insurers adjusted their copayment requirements for Norvir as a result of the 2003 Norvir price increase.

- Whether [Plaintiff] experienced any increase in its sales of Kaletra as a result of the 2003 Norvir price increase.

- Whether [Plaintiff] experienced any decrease in its sales of boosted PIs other than Kaletra as a result of the 2003 Norvir price increase.

Topic (7): *Any effects of the December 2003 Norvir price increase, including but not limited to effects on sales and/or prescriptions for Norvir, for Kaletra, for*

   *other boosted PIs, and for other ARV drugs.*

- Whether the 2003 Norvir price increase affected [Plaintiff's] sales of Lexiva.
- Whether the 2003 Norvir price increase affected [Plaintiff's] sales of Reyataz.
- Whether the 2003 Norvir price increase affected [Plaintiff's] sales of Kaletra.
- Whether the 2003 Norvir price increase affected [Plaintiff's] sales of any boosted PI.
- Whether the 2003 Norvir price increase affected [Plaintiff's] sales of Norvir.
- Whether the 2003 Norvir price increase affected [Plaintiff's] sales of any ARV drug.
- Whether the 2003 Norvir price increase caused the research and development of any specific boosted PI(s) to be halted or slowed.

**Topic (13):** *The pricing of Kaletra relative to the pricing of other boosted PIs, from January 1, 2003 to the present.*

- Whether the 2003 Norvir price increase affected price competition among boosted PIs.
- Whether the 2003 Norvir price increase affected price competition among ARV drugs
- Whether Kaletra is overpriced compared to other boosted PIs.

3. These stipulations do not preclude Plaintiffs from offering evidence on the above topics through expert witnesses (except that those experts may not rely in forming their opinions upon information from current or former employees of Plaintiffs that, if testified to by such individuals, would be prohibited testimony pursuant to this stipulation, or on any of Plaintiffs' documents unless such documents are disclosed with Plaintiffs' opening expert reports), Abbott employees, GSK employees, or any third party witnesses who are permitted to testify at trial.

4.  Abbott will serve, and Plaintiffs agree to answer, additional interrogatories regarding the assignment agreements under which Plaintiffs bring their claims in these cases. Plaintiffs agree to answer the interrogatories within fourteen days. Within five days of receiving Plaintiffs' sworn answers, Abbott will communicate any follow-up questions to Plaintiffs. The parties agree to work in good faith to resolve issues related to any follow up-questions, but, if the parties are unable to reach agreement on any such issues, the parties may seek relief from the Court.

5.  These stipulations do not preclude Abbott from introducing at trial portions of any depositions given by a Plaintiff in response to an Abbott Rule 30(b)(6) deposition notice to it. If Abbott introduces evidence from a Plaintiff's Rule 30(b)(6) deposition at trial, these stipulations will not preclude that Plaintiff from offering testimony of its current and/or former employees in rebuttal to the Rule 30(b)(6) deposition testimony that Abbott has introduced. Both sides reserve all their rights to object to or otherwise challenge any such testimony.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:**

/s/ John D. Radice
Linda P. Nussbaum
John D. Radice
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue
New York, NY 10011
*Attorneys for Meijer, Inc., Meijer Distribution Inc. and the Direct Purchaser Class*

/s/ Monica L. Rebuck
Monica L. Rebuck
HANGLEY ARONCHICK SEGAL & PUDLIN
30 N. Third Street, Suite 700
Harrisburg, PA 17101
*Attorneys for Rite Aid Plaintiffs*

/s/ Lauren C. Ravkind
Scott E. Perwin
Lauren C. Ravkind
KENNY NACHWALTER
1100 Miami Center
201 South Biscayne Blvd.
Miami, FL 33131
*Attorneys for Safeway, Inc. Plaintiffs*

/s/ Andrew E. Aubertine
Andrew E. Aubertine
AUBERTINE DRAPER ROSE LLP
1211 SW Sixth Avenue
Portland, Oregon 97204
*Attorney for Louisiana Wholesale Drug Company, Inc. and Direct Purchaser Class*

| | |
|---|---|
| /s/ Joseph Opper<br>Joseph Opper<br>GARWIN GERSTEIN & FISHER LLP<br>1501 Broadway, Suite 1416<br>New York, NY 10036<br>*Attorneys for Louisiana Wholesale Drug Company, Inc.* | /s/ Daniel Simons<br>Daniel Berger<br>Eric L. Cramer<br>Daniel C. Simons<br>BERGER & MONTAGUE<br>1622 Locust Street<br>Philadelphia, PA 19103-6305<br>*Attorneys for Rochester Drug Co-Operative, Inc. and Direct Purchaser Class* |

/s/ Michelle Friedland
Michelle Friedland
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-2907
*Attorney for Abbott Laboratories*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

March 17, 2009

DATED: ~~March 13, 2009~~

[signature]
_____
Judge Wilken
United States District Court
Northern District of California

**GENERAL ORDER 45 ATTESTATION**

I, Michelle Friedland, am the ECF User whose ID and password was used to file this Joint Stipulation Regarding Plaintiffs' 30(b)(6) Depositions and the Use of Related Evidence at Trial. In compliance with General Order 45, X.B., I hereby attest that the counsel listed above concurred in this filing.

DATED: March 13, 2009              /s/ Michelle Friedland
                                       Michelle Friedland