Richard A. Ripley
William Andrew Lewis
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402
Telephone:   (202) 383-6755
Facsimile:   (202) 318-8674
Email:       ripleyr@howrey.com
Email:       lewisw@howrey.com

*Counsel for non-party Bristol-Myer Squibb Company*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SMITHKLINE BEECHAM CORPORATION, d/b/a GLAXOSMITHKLINE,<br><br>Plaintiff,<br><br>vs.<br><br>ABBOTT LABORATORIES,<br><br>Defendant. | CASE NO. C 07-5702 (CW)<br><br>**ORDER GRANTING IN PART DEFENDANT ABBOTT LABORATORIES' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO LOCAL RULES 7-11 AND 79-5(D)**<br><br>Date:<br>Time:<br>Judge:<br>Courtroom: |
| SAFEWAY INC; WALGREEN CO.; THE KROGER CO.; NEW ALBERTSON'S, INC.; AMERICAN SALES COMPANY, INC.; AND HEB GROCERY COMPANY, LP,<br><br>Plaintiff,<br><br>vs.<br><br>ABBOTT LABORATORIES,<br><br>Defendant. | CASE NO. C 07-5470 (CW)<br><br>Related per November 19, 2007 Order to Case No. 04-1511 (CW) |

*(Caption continued on next page)*

---

[PROPOSED] ORDER GRANTING IN PART DEF.'S ADMIN. MOT.
TO SEAL DOCUMENTS PURSUANT TO LOCAL RULES 7-11 AND 79(5)(d)

| | |
|---|---|
| RITE AID CORPORATION; RITE AID HDQTRS CORP.; JCG (PJC) USA, LLC; MAXI DRUG, INC D/B/A BROOKS PHARMACY; ECKERD CORPORATION; CVS PHARMACY, INC.; AND CAREMARK LLC,<br><br>            Plaintiff,<br>vs.<br><br>ABBOTT LABORATORIES,<br><br>            Defendant. | CASE NO. C 07-6120 (CW)<br><br>Related Per December 5, 2007 Order to Case No. 04-1511 (CW) |
| MEIJER, INC. & MEIJER DISTRIBUTION, INC.; ROCHESTER DRUG CO-OPERATIVE, INC.; AND LOUISIANA WHOLESALE DRUG COMPANY, INC., ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br><br>            Plaintiff,<br>vs.<br><br>ABBOTT LABORATORIES,<br><br>            Defendant. | CASE NO. C 07-5985 (CW)<br>(Consolidated Cases)<br>Related per November 30, 2007 Order to Case No. 04-1511 (CW) |

1. On July 30, 2010, Defendant Abbott Laboratories ("Abbott") filed a Notice of Motion and Motion for Summary Judgment Or, Alternatively, Summary Adjudication on Direct Purchaser Plaintiffs' Claims ("Summary Judgment Motion").

2. Exhibit 6 to the Declaration of Michelle Friedland in support of Abbott's Summary Judgment Motion ("Exhibit 6") had been produced by Bristol-Myers Squibb ("BMS") under the stipulated protective order entered by this Court on December 28, 2007. BMS designated the information in Exhibit 6 "highly confidential" pursuant to that protective order.

3. Concurrently with its Summary Judgment Motion, Abbott filed an Administrative Motion to File Documents Associated with Brun, Calamari, and Friedland Declarations Under Seal ("Motion to Seal"), supported by the Declaration of Keith R.D. Hamilton.

1  4. This Court approved a stipulated order granting third parties additional time to comply with
2  Local Rule 79-5(d) of the United States District Court for the District of California.
3  5. In compliance with Local Rule 79-5(d), BMS filed the Declaration of Richard A. Ripley in
4  support of Abbott's Motion to Seal and a proposed order granting the Motion to Seal with respect to
5  Exhibit 6.
6  6. This Court has given due consideration to the papers submitted and finds that:
7     a. Exhibit 6 contains non-public, confidential, proprietary, and competitively sensitive
8        information belonging to BMS.
9     b. The sales projections in Exhibit 6 were derived from BMS' confidential modeling
10       methodologies, business strategies, and market trend forecasting techniques.
11    c. BMS regards the confidential methodologies, strategies, and forecasting techniques
12       from which the sales projections in Exhibit 6 were derived as trade secrets.
13    d. Reverse-engineering and regression of the sales projections in Exhibit 6 by BMS'
14       competitors or third parties would reveal BMS' confidential methodologies, strategies,
15       and forecasting techniques.
16    e. Disclosure of this knowledge to competitors would allow them to anticipate, react to,
17       and counter BMS' current and future marketing activities and strategies.
18    f. Disclosure of this knowledge to competitors and third parties would put BMS'
19       competitive position in the investment fund market at risk.
20    g. Disclosure of this knowledge to competitors and third parties would risk prejudice to
21       BMS in future pricing and contract negotiations.
22 7. THEREFORE, this Court concludes that:
23    a. There are compelling reasons supported by specific facts such that the public policies
24       favoring disclosure are outweighed by the potential of significant harm to BMS'
25       financial and competitive standing if the information is made public.
26    b. Withholding the sales projections in Exhibit 6 from public disclosure is the most
27       narrowly tailored method of protecting BMS' competitive and financial positions.
28

8. Compelling reasons having been demonstrated, IT IS HEREBY ORDERED THAT the Motion to Seal is GRANTED with respect to the sales projections in Exhibit 6 to the Declaration of Michelle Friedland in Support of Defendant Abbott Laboratories' Motion for Summary Judgment or, Alternatively, Summary Adjudication on Direct Purchasers' Claims.

9. The Clerk shall place in the public record the redacted version of Exhibit 6.

IT IS SO ORDERED.

DATED: 10/25/2010

_____
Hon. Claudia Wilken
United States District Court Judge